Megan J. Crowhurst, Bar No. 132311
mcrowhurst@littler.com
Ben Handy, Bar No. 226527
bhandy@littler.com
LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:    503.221.0309
Fax No.:       503.242.2457

Attorneys for Defendant, Workday, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TAYLOR ERIC VAUGHN,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**WORKDAY, INC.,**<br><br>　　　　Defendant. | Case No.<br><br>**DECLARATION OF MEGAN CROWHURST IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

I, Megan J. Crowhurst, declare as follows:

1.　　I am an attorney for Defendant Workday, Inc.  I make this declaration based on personal knowledge or my review of court records and in support of Defendant's Notice of Removal.

2.　　Workday received service of Plaintiff's Summons and Complaint on June 5, 2023.

3.　　I have reviewed the electronic docket report for the Circuit Court of the State of Oregon for the County of Multnomah in *Taylor Eric Vaughn v. Workday, Inc.*, Case

Page 1- DECLARATION OF MEGAN J. CROWHURST IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

No. 23CV22298, which is the subject of the underlying removal action. Copies of all papers filed in the state court action at the time of the removal, as reflected by the Circuit Court Register of Actions, are attached to this Declaration as **Exhibit A**. As of the date of filing this Notice of Removal, no further proceedings have been had in the Multnomah County Circuit Court.

4. Promptly after filing this Notice of Removal, my office will serve a copy upon Plaintiff's counsel and will file a copy with the Clerk of the Multnomah County Circuit Court, Oregon, in accordance with 28 U.S.C. § 1446(d).

5. Workday has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise.

**I hereby declare under penalty of perjury that the foregoing is true and correct**.

Dated:   June 30, 2023              Respectfully submitted,

                                    LITTLER MENDELSON P.C.

                                    */s/ Megan J. Crowhurst*
                                    Megan J. Crowhurst, OSB No. 132311

Page 2- DECLARATION OF MEGAN J. CROWHURST IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

**EXHIBIT A**

6/02/2023 11:20 AM
23CV22298

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

TAYLOR ERIC VAUGHN,
    Plaintiff,

vs.

WORKDAY, INC. a foreign business corporation.

Defendant.

Case No. 23CV22298

SUMMONS

TO:    Defendant:    **Workday, Inc. by and through its registered Agent:**
**C T Corporation System**
**780 Commercial Street SE, STE 100**
**Salem, Oregon 97301**

    You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer"  must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/ Shawn M. O'Neil
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Shawn M. O'Neil      OSB No.913880

O'Neil Law LLC
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)    BAR NO. (IF ANY)

8755 SW Citizens Drive, Suite 202
ADDRESS

Wilsonville, Oregon 97070      503.570.8755
CITY      STATE      ZIP      PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPE OR PRINTED)    BAR NO.

STATE OF OREGON, County of Clackamas) ss.

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

/s/   Shawn M, O'Neil
ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

/s/ Shawn M. O'Neil
ATTORNEY FOR PLAINTIFF(S)
ATTORNEY OF RECORD FOR PLAINTIFF(S)

**PROOF OF SERVICE**

STATE OF ............................................................ ) ss.
County of ............................................................ )

 I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

**Personal Service Upon Individual(s)**

 Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____,20__, at _____ o'clock _.M.

 Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____,20__, at _____ o'clock _.M.

**Substituted Service Upon Individual(s)****

 Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 20__, at _____ o'clock _.M.

 Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 20__, at _____o'clock _.M.

**Office Service Upon Individual(s)****

 Upon _____, at the office which he/she maintains for the conduct of business at _____, by leaving such true copy with _____, the person who is apparently in charge, on _____, 20__, during normal working hours, at to-wit: _____o'clock, _.M.

**Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name**

 Upon _____, by
  *(NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)*

(a) delivering such true copy, personally and in person, to _____, who is a/the *_____ thereof; OR

(b) leaving such true copy with __, the person who is apparently in charge of the office of _____, who is a/the *_____ thereof;

  *Specify registered agent, officer (by title), director, general partner, managing agent

at _____, on _____, 20__, at o'clock _.M.

DATED _____, 20__.

_____
SHERIFF

_____
DEPUTY

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

DATED _____, 20 _.

_____
SIGNATURE

_____
TYPE OR PRINT NAME

_____
ADDRESS

_____Phone _____

 *The signature lines on the left should be used only by an Oregon county sheriff or deputy; all other servers complete certificate on the right. The Proof of Service above contains most, but not all, of the methods of service. For example, this form does not include proof of service on a minor or incompetent person. See ORCP 7D. (2) and 7 D. (3) for complete service methods on particular parties.*
*** Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode, together with a statement of the time, date and place at which such service was made. Use S-N Form No. 1149 or equivalent.*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| TAYLOR ERIC VAUGHN<br><br>    Plaintiff,<br><br>vs.<br><br>WORKDAY, INC. a foreign business corporation.<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br><br>Employer Whistleblowing Retaliation (ORS 659A.199); Employer Discrimination and Retaliation (ORS 659A.230); Discrimination and Retaliation (ORS 659A.030); and Wrongful Termination.<br><br>CLAIMS NOT SUBJECT TO MANDATORY ARBRITRATION<br><br>DEMAND FOR JURY TRIAL<br><br>Prayer Amount: $5,442,269<br><br>Filing Fee: $884 ORS 21.160(1)(d) |

Plaintiff TAYLOR ERIC VAUGHN (Hereinafter "Mr. Vaughn") alleges:

**I. INTRODUCTION**

1.

This is an action for declaratory, injunctive, and monetary relief, including economic damages and non-economic damages, attorney fees and costs, and, following amendment, punitive damages, to redress defendant's discriminatory and retaliatory unlawful employment practices in violation of Mr. Vaughn's statutory rights.

Page - 1  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

**II. JURISDICTION**

2.

This Court has jurisdiction over Mr. Vaughn's claims for relief under Article VII, section 9 of the Oregon Constitution and because the claims arose out of defendant's acts and omissions within the State of Oregon.

**III. VENUE**

3.

Venue is proper in Multnomah County pursuant to *ORS 14.080 (2)*.  Defendant Workday, Inc. (Hereinafter Workday) is a Delaware Corporation registered with the Oregon Secretary of State as a foreign business corporation, authorized to do business in the State of Oregon. Workday conducts regular, sustained business activities in Multnomah County by providing services to many business customers within the county.

**IV. THE PARTIES**

4.

At all material times alleged herein, Mr. Vaughn aka Eric Vaughn was a Citizen of the United States and the State of Oregon residing in Corvallis, Oregon. Mr. Vaughn was employed by Workday as the company's Senior Systems Engineer. He was employed with the company for approximately 11 years until he was unlawfully terminated on January 31, 2023.

5.

Workday is a cloud-based financial management, human capital management, and student information system software vendor. In fiscal year 2023, the company reported total revenues of approximately $6.22 billion, an increase of 21.0% from fiscal 2022. Customer subscription revenues were $5.57 billion, an increase of 22.5% from the prior year. The company reports having approximately 17,744 employees, and just under 10,000 customers.

/ / /

/ / /

Page - 2  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

## V. FACTUAL ALLEGATIONS

6.

Workday employed Mr. Vaughn in early 2012 as a systems engineer working within the company's Infrastructure group out of Pleasanton, California. Workday would promote Mr. Vaughn to Senior Systems Engineer in approximately 2015. He would later transfer to the company's Oregon office in Beaverton in 2016. Mr. Vaughn held many roles with the company all related to systems engineering, administration, or automation development which encompassed day to day operations, several company projects, and writing automation software. He and his group were primarily responsible for onboarding internal customers to the company's private cloud. The automation software Mr. Vaughn created for Workday allowed these tasks to be done more efficiently and effectively to the substantial benefit of the company.

7.

As Workday grew, its Infrastructure group expanded eventually leading to having three different teams of systems engineers located in different parts of the globe. There was the USA team consisting of US citizens or legal residents based in the United States. There was an Ireland team consisting of employees who were Irish or European Union citizens or legal residents located in Ireland. There was a New Zealand team consisting of employees who were New Zealand citizens or European Union citizens, or legal residents based in that country. As a US citizen, Mr. Vaughn was on the USA team.

8.

Workday's Infrastructure group played a key role in the company's operations. It was responsible for the servers and networking operations in the company's many data centers in terms of the actual hardware, operating systems, and various other critical operation needs.

9.

As part of his employment responsibilities, Mr. Vaughn, and the other engineers on all teams were to participate in a on-call rotation. Mr. Vaughn participated in the Systems on- call

Page - 3  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

rotation. On-call work consisted of being available to trouble shoot any server infrastructure issue in any of the company's data centers throughout the world.  Early on in Mr. Vaughn's employment with the company The US team and the Irish team would share the on-call responsibilities equally. This consisted of each team member doing one week on-call duties every 8 to 10 weeks. The on call person would be on-call anytime the company's offices were not open. This required the on-call person from the US team to be available during the week from 6 pm in the evening till 1 am the next day, throughout weekends, and holidays. On-call responsibilities would often fall on weekends early Saturday, through Sunday.

10.

In approximately 2013 or 2014, Workday instructed the USA team to take on all of the on-call duties responsibilities with the Ireland team no longer having to participate. In 2015 when the New Zealand team came into existence, it also did not have to participate in these on-call duties.

11.

In addition, Mr. Vaughn and his team were expected to be on duty during what is called Friday Patch Watch when doing the on-call duties. This was when the company would do maintenance on its software and service products. During Friday Patch Watch, Mr. Vaughn was expected to be on duty from 6:00 pm until 11:00 pm Friday evenings when doing on-call duties. Then perform on-call duties from 3:00 am Saturday (or possibly earlier), and though-out the weekend until 2:15 PM Sunday afternoon.  As well as on-call duties during the week from 11:00 PM to 1:00 AM, and holidays. These duties would constantly change as the company grew, but what was consistent throughout is Mr. Vaughn and the USA team had to handle all of these responsibilities when the other teams in Ireland and New Zealand did not.

12.

At some point the on-call responsibilities changed and Mr. Vaughn and his team were expected to perform on-call duty for two weeks in a row.  As people left the department or

Page - 4  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1  company, the number of people in the Systems on-call rotation shrank down to 7 by
2  approximately 2021.  Because of the two weeks of on-call in a row, Mr. Vaughn and his team
3  were expected to be on-call for 2 weeks out of every 7.  Mr. Vaughn and his team were
4  essentially stuck in their homes for 2-3 weeks out of every 7.
5                                           13.
6      Mr. Vaughn's quality of life substantially diminished due to Workday's ordering him and
7  his US team co-workers to take on the additional responsibilities alleged in paragraphs 10,11,
8  and 12 above.  Mr. Vaughn had to work continuous long hours that often consisted of late hours,
9  weekend, and holiday work, impacting his overall quality of life. The work life balance Workday
10 promoted, became nonexistent. Mr. Vaughn and his US team co-workers raised concerns about
11 this to Workday management.
12                                           14.
13      In approximately 2016, Mr. Vaughn reported his concerns to his manager Vince
14 Dean (Dean) about the preferential treatment the Irish and New Zealand teams were getting
15 when it came to on-call responsibilities. He told Dean that this was unfair.  He reported to Dean
16 that this was impacting his life and that of his teammates. Mr. Vaughn would later report this to
17 Wendell Joyner (Joyner) after Dean was promoted to Senior Manager. While Joyner was able to
18 secure some relief with the Friday Patch coverage, no action was ever taken by decision makers
19 to correct the unfair treatment concerning on-call duties.
20                                           15.
21     On or between November 1, 2021 and November 30, 2021, Mr. Vaughn drafted a letter
22 on behalf of the USA team colleagues raising grievances associated with the unfairness in the on
23 call duties and Friday Patch Duties. Workdays' management knew or had reason to know Mr.
24 Vaughn was the one raising these unfair employment practices.
25 / / /
26 / / /

Page - 5  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

16.

In an effort to end Workdays' discriminatory practices, in December 31, 2021, and again in January 13, 2022, Mr. Vaughn filed complaints with Workdays HR department reporting that he and his coworkers were being discriminated against with respect to the terms and conditions of their employment due to their nationality as US citizens and legal residents based in the United States. Mr. Vaughn's December 31,2021 complaint identified Dean and Workday Vice President of Platform Infrastructure, Matt Morgensen (Hereafter Morgensen) as directly responsible for this discrimination. Workday's HR department notified Mr. Vaughn's managers of his concerns, but no action was taken to address the discrimination concerns.

17.

On March 23, 2022, Mr. Vaughn submitted dual filing of a charge of discrimination under state and federal law with the Equal Opportunity Employment Commission (EEOC) against Workday. Workday was notified of Mr. Vaughn's EEOC complaint. On March 31, 2022, EEOC decided not to take any action. Mr. Vaughn continued to raise his discrimination concerns with Morgensen and other management on and between March 24, 2022, and June of 2022.  On March 27, 2023, Oregon Bureau of Labor and Industries (BOLI) issued to Mr. Vaughn a right to sue letter with respect to his state law claims.

18.

Sometime between July and September of 2022 Workday finally had the Irish and New Zealand teams participate on the on-call duties.

19.

On January 31, 2023, Workday through its Vice President of Private Cloud Infrastructure based in Ireland, Fred Sullivan terminated Mr. Vaughn from his employment.

20.

Page - 6  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

On March 27, 2023, Mr. Vaughn requested a copy of his personnel file to Workday. Workday acknowledged receipt of the request. To this date the personnel file has never been produced to Mr. Vaughn in violation of *ORS 652.750*.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Discrimination and Retaliation for Good Faith Reporting – ORS 659A.199
Against Defendant Workday**

21.

Mr. Vaughn realleges paragraph 1 through 20 as though fully set forth herein.

22.

Mr. Vaughn engaged in protected activity by reporting to Workday of it unlawfully discriminating against him and his fellow workers on the USA team on work conditions.

23.

After Mr. Vaughn engaged in this protected activity, Workday unlawfully discriminated and retaliated against him by further impacting the terms and conditions of his employment and ultimately terminating his employment in violation of ORS *659 A.199*.

24.

Mr. Vaughn is entitled to injunctive relief, including but not limited to reinstatement.

25.

As a direct and proximate cause of Workday's unlawful actions, Mr. Vaughn has suffered economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses including prejudgment interest, in an amount to be proven at trial, currently estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%.

26.

As a direct and proximate result of Workday unlawful actions, Mr. Vaughn has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, damage to his

Page - 7  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1 professional reputation in the technology industry, loss of enjoyment of life and is entitled to an
2 award of non-economic damages in an amount that the jury determines to be reasonable under
3 the circumstances, but not to exceed $2,500,000.

27.

Mr. Vaughn has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to *ORS 659A.885* and *ORS 20.107*.

28.

Workday acted with malice, and its actions were intentional and willful. Workday further acted with reckless and outrageous indifference to a highly unreasonable risk of harm to Mr. Vaughn and a conscious indifference to his health, and welfare as an individual, and employee. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Therefore, Mr. Vaughn anticipates amending this Complaint, and reserves the right to do so pursuant to *ORS 31.725* to assert a claim for punitive damages.

**SECOND CLAIM FOR RELIEF**

**Unlawful Discrimination and Retaliation in Violation of ORS 659A.230**

29.

Mr. Vaughn realleges paragraph 1 through 20 as though fully set forth herein.

30.

Mr. Vaughn engaged in protected activity by communicating with the EEOC of Workdays discriminatory practices and filing an EEOC charge of discrimination. Workday was notified of this protected activity.

31.

After Mr. Vaughn engaged in this protected activity, Workday unlawfully discriminated and retaliated against him by further impacting the terms and conditions of his employment and ultimately terminating his employment in violation of ORS 659A.230.

Page - 8  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

32.

Mr. Vaughn is entitled to injunctive relief, including but not limited to reinstatement.

/ / /

33.

As a direct and proximate cause of Workday's unlawful actions, Mr. Vaughn has suffered economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses including prejudgment interest, in an amount to be proven at trial, currently estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%.

34.

As a direct and proximate result of Workday unlawful actions, Mr. Vaughn has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, damage to his professional reputation in the software engineering industry, loss of enjoyment of life and is entitled to an award of non-economic damages in an amount that the jury determines to be reasonable under the circumstances, but not to exceed $2,500,000.

35.

Mr. Vaughn has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

36.

Workday acted with malice, and its actions were intentional and willful. Workday further acted with reckless and outrageous indifference to a highly unreasonable risk of harm to Mr. Vaughn and a conscious indifference to his health and welfare as an individual, and employee. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Therefore, Mr. Vaughn anticipates amending this Complaint, and reserves the right to do so pursuant to ORS 31.725 to assert a claim for punitive damages.

/ / /

Page - 9  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1  / / /

2  / / /

3  / / /

### THIRD CLAIM FOR RELIEF

**Unlawful Discrimination and Retaliation in Violation of ORS 659A.030 Against Defendant Workday**

37.

Mr. Vaughn realleges paragraph 1 through 20 as though fully set forth herein.

38.

Workday violated ORS 659A.030(a)-(b) by subjecting Mr. Vaughn to discriminatory terms and conditions of employment because of his nationality. The discriminatory terms and conditions of employment and hostile work environment were both because of Mr. Vaughn's nationality. Ultimately, the nationality-based discrimination by Workday resulted in and caused Mr. Vaughn's termination.

39.

Workday violated ORS 659A.030 (f) by retaliating against Mr. Vaughn, creating a hostile work environment, because he opposed the company's unlawful practices. Ultimately, Workday retaliatory actions lead to Mr. Vaughn's termination.

40.

Mr. Vaughn is entitled to injunctive relief, including but not limited to reinstatement.

41.

As a direct and proximate cause of Workday's unlawful actions, Mr. Vaughn has suffered economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses including prejudgment interest, in an amount to be proven at trial, currently estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%.

42.

Page - 10  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

As a direct and proximate result of Workday unlawful actions, Mr. Vaughn has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, damage to his professional reputation in the software engineering industry, loss of enjoyment of life and is entitled to an award of non-economic damages in an amount that the jury determines to be reasonable under the circumstances, but not to exceed $2,500,000.

43.

Mr. Vaughn has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

44.

Workday acted with malice, and its actions were intentional and willful. Workday further acted with reckless and outrageous indifference to a highly unreasonable risk of harm to Mr. Vaughn and a conscious indifference to his health and welfare as an individual, and employee. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Therefore, Mr. Vaughn anticipates amending this Complaint, and reserves the right to do so pursuant to ORS 31.725 to assert a claim for punitive damages.

## FOURTH CLAIM FOR RELIEF

### Wrongful Termination

45.

Mr. Vaughn realleges paragraph 1 through 20 as though fully set forth herein.

46.

At all material times, the public policy of the State of Oregon is to prohibit an employer from discriminating and retaliating against employees for reporting to state and federal agencies in charge of investigating unlawful employer discrimination. This public policy embodies in common law, statutes, and regulations of the State of Oregon.

47.

Page - 11 COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1   At all material times, the public policy of the State of Oregon is to prohibit an employer
2   from discriminating and retaliating against employees who report to the employer of unlawful
3   behavior by the employer. This public policy embodies common law, statutes, and regulations of
4   the State of Oregon.

48.

Defendant Workday unlawfully discharged Mr. Vaughn for pursuing one or more of these rights.

49.

Mr. Vaughn remedies under state and federal statutory law provide an inadequate remedy for the damage Workday has inflicted on him.

50.

As a direct and proximate cause of Workday's unlawful actions, Mr. Vaughn has suffered economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses including prejudgment interest, in an amount to be proven at trial, currently estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%.

51.

As a direct and proximate result of Workday unlawful actions, Mr. Vaughn has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, damage to his professional reputation in the software engineering industry, loss of enjoyment of life and is entitled to an award of non-economic damages in an amount that the jury determines to be reasonable under the circumstances, but not to exceed $2,500,000.

52.

Workday acted with malice, and its actions were intentional and willful. Workday further acted with reckless and outrageous indifference to a highly unreasonable risk of harm to Mr. Vaughn and a conscious indifference to his health and welfare as an individual, and employee. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages

Page - 12  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1  deter. Therefore, Mr. Vaughn anticipates amending this Complaint, and reserves the right to do
2  so pursuant to ORS 31.725 to assert a claim for punitive damages.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiff Taylor Eric Vaughn prays for judgment against Defendant Workday,
5  LLC as follows:

6  1. On Plaintiff's First Claim for Relief:
7     a. A declaration that defendant violated plaintiff's statutorily protected right to be
8        free from discrimination and retaliation for engaging in protective activity and
9        opposing unlawful employment practices.
10    b. Injunctive relief, including reinstatement to his position;
11    c. An award of economic losses in the form of back pay, front pay, lost benefits, and
12       out-of-pocket expenses, including prejudgment interest, in an amount estimated to
13       be $2,942,269, plus interest thereon at the statutory rate of 9%;
14    d. An award of non-economic damages in the amount of $2,500,000.
15    e. Plaintiff's attorney's fees, expert fees, and costs incurred herein.
16 2. On Plaintiff's Second Claim for Relief:
17    a. A declaration that defendant violated plaintiff's statutorily protected right to be
18       free from discrimination and retaliation for engaging in protective activity and
19       opposing unlawful employment practices;
20    b. Injunctive relief, including reinstatement to his position;
21    c. An award of economic losses in the form of back pay, front pay, lost benefits, and
22       out-of-pocket expenses, including prejudgment interest, in an amount estimated to
23       be $2,942,269 plus interest thereon at the statutory rate of 9%;
24    d. An award of non-economic damages in the amount of $2,500,000.
25    e. Plaintiff's attorney's fees, expert fees, and costs incurred herein.
26 3. On Plaintiff' Third Claim for Relief:

Page - 13   COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

1        a. A declaration that defendant violated plaintiff's statutorily protected right to be free from discrimination and retaliation for engaging in protective activity and opposing unlawful employment practices;

4        b. Injunctive relief, including reinstatement to his position;

5        c. An award of economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses, including prejudgment interest, in an amount estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%;

8        d. An award of non-economic damages in the amount of $2,500,000.

9        e. Plaintiff's attorney's fees, expert fees, and costs incurred herein.

10    4. On Plaintiff's Fourth Claim for Relief:

11        a. A declaration that defendant violated plaintiff's statutorily protected right to be free from discrimination and retaliation for engaging in protective activity and opposing unlawful employment practices;

14        b. Injunctive relief, including reinstatement to his position;

15        c. An award of economic losses in the form of back pay, front pay, lost benefits, and out-of-pocket expenses, including prejudgment interest, in an amount estimated to be $2,942,269 plus interest thereon at the statutory rate of 9%;

18        d. An award of non-economic damages in the amount of $2,500,000.

19        e. For plaintiff's costs and disbursements incurred herein.

20    5. Any further or alternative relief in favor of plaintiff that the court deems appropriate.

21    6. Plaintiff demands a jury trial.

22 DATED this ___ of June 2023.

                                             O'Neil Law LLC

                                             /s/ Shawn M. O'Neil_____
                                             Shawn M. O'Neil OSB #913880
                                             Tel: 503.570.8755
                                             Email: smo@shawnoneil.com
                                             *Attorney for Plaintiff Taylor Eric Vaughn*

Page - 14  COMPLAINT

O'Neil Law LLC
8755 SW Citizens Drive, Suite 202
Wilsonville, Oregon 97070
Tel: (503) 570-8755
Fax: (503) 570-8757
www.shawnoneil.com

# AFFIDAVIT OF SERVICE

State of Oregon        County of Multnomah        Circuit Court

Case Number: 23CV 22298

Plaintiff:
**TAYLOR ERIC VAUGHN**

vs.

Defendant:
**WORKDAY INC. a foreign business corporation**

Received by R & R Process Serving Company LLC to be served on **WORKDAY INC. C/O CT CORPORATION SYSTEM-REGISTERED AGENT, 780 COMMERCIAL STREET SE STE 100, SALEM, OR 97301**.

I, Roger Rowell, Process Server, being duly sworn, depose and say that on the **5th day of June, 2023** at **2:40 pm, I:**

served the within named corporation by delivering a true copy of the **Summons and Complaint** personally and in person to CT CORPORATION SYSTEM (EDEN TITUS) the Registered Agent for the corporation.

I hereby certify that I am a competent person over the age of eighteen years, a resident of the State of Oregon; and not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise, in the within entitled action.

Subscribed and Sworn to before me on the 5th day of June, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC



OFFICIAL STAMP
**RHONDA RANAE ROWELL**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1013982
MY COMMISSION EXPIRES JUNE 23, 2025

Roger Rowell, Process Server
Date: 6-5-2023

R & R Process Serving Company LLC
P.O BOX 2794
SALEM, OR 97308
(503) 508-5611

Our Job Serial Number: RPC-2023000329

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.0n