Megan J. Crowhurst, Bar No. 132311
mcrowhurst@littler.com
G. Ben Handy, Bar No. 226527
bhandy@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:    503.221.0309
Fax No.:    503.242.2457

Attorneys for Defendant, Workday, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **TAYLOR ERIC VAUGHN,**<br><br>Plaintiff,<br><br>vs.<br><br>**WORKDAY, INC.,**<br><br>Defendant. | Case No. 3:23-cv-00971-AR<br><br>DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM |

Defendant Workday, Inc ("Defendant" or "Workday") submits the following Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim:

## I.    INTRODUCTION

1.

Defendant admits that Plaintiff is bringing an action against it. Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 1.

Page 1 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

## II.     JURISDICTION

2.

Defendant denies the allegations in Paragraph 2.

## III.     VENUE

3.

Defendant admits that it is a Delaware corporation registered with the Oregon Secretary of State as a foreign business corporation, is authorized to do business in the State of Oregon, and does business in the State of Oregon, including in Multnomah County. Except as admitted, Defendant denies the allegations and legal conclusions in Paragraph 3.

## IV.     THE PARTIES

4.

Defendant admits that it employed Plaintiff from on or about March 19, 2012 until on or about April 3, 2023, Plaintiff's job title was Senior Infrastructure Systems Engineer at the time his employment with Workday ended, and Plaintiff was a United States citizen who resided in the State of Oregon at the time his employment with Workday ended. Except as admitted, Defendant denies the allegations in Paragraph 4.

5.

Defendant admits that Plaintiff appears to quote language from a Workday press release regarding Workday's fiscal year 2023 results. Except as admitted, Defendant denies the allegations in Paragraph 5.

Page 2 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

## V.    FACTUAL ALLEGATIONS

6.

Defendant admits that it hired Plaintiff on March 19, 2012 as an Infrastructure Engineer based out of its Pleasanton, California office, it promoted Plaintiff to Senior Systems Engineer in or around 2015, Plaintiff transferred to Workday's Beaverton, Oregon office in or around 2016, and Plaintiff worked on different projects while employed at Workday. Except as admitted, Defendant denies the allegations in Paragraph 6.

7.

Defendant admits that, in 2021 and 2022, it employed an Infrastructure Engineering team in the United States, Plaintiff is a United States citizen who worked on the United States team, and the United States team consisted of Workday employees geographically located in the United States. Except as admitted, Defendant denies the allegations in Paragraph 7.

8.

Defendant admits that the Infrastructure group played a key role in Workday's operations and that, in addition to other responsibilities, it managed the company's servers and networking operations. Except as admitted, Defendant denies the allegations in Paragraph 8.

9.

Defendant admits Plaintiff and other engineers participated in Workday's on-call rotation to troubleshoot infrastructure issues outside regular business hours, which required occasionally working evenings, weekends, and holidays. Except as admitted, Defendant denies the allegations in Paragraph 9.

Page 3 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

10.

Defendant denies the allegations in Paragraph 10.

11.

Defendant admits that, as one of the essential functions of their job(s), Plaintiff and other engineers were occasionally expected to be on duty during Friday Patch Watch at various times, such as from approximately 6:00 p.m. until 11:00 p.m., and occasionally to perform on-call duties at various times, such as from 11:00 p.m. to 1:00 a.m. on weekdays, and for some periods of time on weekends. Except as admitted, Defendant denies the allegations in Paragraph 11.

12.

Defendant admits that, when it had fewer engineers, some engineers would need to perform some on-call duties more frequently. Except as admitted, Defendant denies the allegations in Paragraph 12.

13.

Defendant admits that Plaintiff and others raised concerns about the on-call policy. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's perception about his quality of life and therefore denies those allegations and denies the remaining allegations in Paragraph 13.

14.

Defendant admits that Plaintiff complained about the on-call responsibilities of his role, including to Wendell Joyner.  Except as admitted, Defendant denies the allegations in Paragraph 14.

Page 4 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

15.

On information and belief, Defendant admits that, in or around November 2021, Plaintiff and other Workday employees contributed to the creation of a document that raised concerns about the on-call and Friday Patch duties applicable to their roles.  Defendant admits that Wendell Joyner knew that Plaintiff was one of the individuals involved in raising those concerns. Except as admitted, Defendant denies the allegations in Paragraph 15.

16.

Defendant admits that, in or around January 2022, Plaintiff complained to Workday alleging discrimination against him and his coworkers who were located in the U.S., and Human Resources investigated Plaintiff's complaint, which included interviews about the on-call policy. Except as admitted, Defendant denies the allegations in Paragraph 16.

17.

Defendant admits Plaintiff filed a charge of discrimination against Workday with the Equal Opportunity Employment Commission ("EEOC") on March 24, 2022, that Workday received a Notice of Charge dated March 29, 2022, and that the EEOC issued its Determination and Notice of Rights on March 31, 2022.  Defendant also admits, on information and belief, that it appears the EEOC Charge may have been cross-filed at some point in time with the Oregon Board of Labor and Industries ("BOLI"), and BOLI appears to have issued Plaintiff a Notice of Right to File a Civil Suit with respect to his state law claims on March 27, 2023. Defendant further admits that Plaintiff continued to complain about the on-call policy in or around the Spring 2022. Except as admitted, Defendant denies the allegations in Paragraph 17.

Page 5 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

18.

Defendant admits that it changed its on-call policy at various times, and that the Irish and New Zealand Infrastructure Engineering teams participated in additional on-call duties in 2022. Except as admitted, Defendant denies the allegations in Paragraph 18.

19.

Defendant admits that, on or about January 31, 2023, Vice President of Cloud Infrastructure Fred O'Sullivan communicated to Plaintiff that his employment would terminate as the result of a workforce reduction and Plaintiff was given an opportunity to look for an internal role before his termination date.  Except as admitted, Defendant denies the allegations in Paragraph 19.

20.

Defendant denies the allegations in Paragraph 19.

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Discrimination and Retaliation for Good Faith Reporting – ORS 659A.199
### Against Defendant Workday

21.

Defendant incorporates its admissions and denials in Paragraphs 1 through 20 above.

22.

The allegations in Paragraph 22 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 22.

Page 6 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

23.

Defendant denies the allegations in Paragraph 23.

24.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 24.

25.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 25.

26.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 26.

27.

Upon information and belief, Defendant admits Plaintiff has hired legal counsel. Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 27.

28.

Defendant denies the allegations in Paragraph 28.

**SECOND CLAIM FOR RELIEF**
**Unlawful Discrimination and Retaliation in Violation of ORS 659A.230**

29.

Defendant incorporates its admissions and denials in Paragraphs 1 through 20 above.

30.

The allegations in Paragraph 30 constitute legal conclusions or recitations of law that do

Page 7 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 30.

31.

Defendant denies the allegations in Paragraph 31.

32.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 32.

33.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 33.

34.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 34.

35.

Upon information and belief, Defendant admits Plaintiff has hired legal counsel. Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 35.

36.

Defendant denies the allegations in Paragraph 36.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

## THIRD CLAIM FOR RELIEF
### Unlawful Discrimination and Retaliation in Violation of ORS 659A.030
### Against Defendant Workday

37.

Defendant incorporates its admissions and denials in Paragraphs 1 through 20 above.

38.

The allegations in Paragraph 38 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 38.

39.

The allegations in Paragraph 39 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 39.

40.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 40.

41.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 41.

42.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 42.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

43.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 43.

44.

Defendant denies the allegations in Paragraph 44.

## FOURTH CLAIM FOR RELIEF
### Wrongful Termination

45.

Defendant incorporates its admissions and denials in Paragraphs 1 through 20 above.

46.

The allegations in Paragraph 46 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 46.

47.

The allegations in Paragraph 47 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 47.

48.

Defendant denies the allegations in Paragraph 48.

49.

The allegations in Paragraph 49 constitute legal conclusions or recitations of law that do not require an answer. To the extent an answer is required, Defendant denies the allegations in Paragraph 49.

Page 10 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

50.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 50.

51.

Defendant denies that Plaintiff is entitled to any damages, monetary or other relief, and therefore denies the allegations in Paragraph 51.

52.

Defendant denies the allegations in Paragraph 53.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

53.

Answering Plaintiff's prayer for relief, Defendant denies Plaintiff is entitled to any of the relief requested in his prayer for relief, including subparagraphs 1 through 6, or any other relief of any nature.

**AFFIRMATIVE AND OTHER DEFENSES**

54.

Defendant realleges and incorporates its answers, denials, and averments as set forth in Paragraphs 1-52 herein and allege the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

55.

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

Page 11 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

## SECOND AFFIRMATIVE DEFENSE

56.

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, estoppel and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

57.

Some or all of Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, successfully mitigated, and/or to the extent the alleged damages are too speculative to permit recovery, or exceed the type of remedies that are recoverable under each cause of action alleged.

## FOURTH AFFIRMATIVE DEFENSE

58.

Defendant's actions with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory factors, were taken in good faith, and Defendant would have taken the same actions regardless of Plaintiff's protected status or activities, if any.

## FIFTH AFFIRMATIVE DEFENSE

59.

Plaintiff's alleged damages, if any, are the result of his own actions and/or inactions.

## SIXTH AFFIRMATIVE DEFENSE

60.

Some or all of Plaintiff's claims are barred, in whole or in part, by his failure to exhaust and/or satisfy all appropriate administrative and/or internal remedies and procedures before filing

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

his Complaint or because they are based on allegations not within the scope of a timely filed charge with the appropriate administrative agency.

## SEVENTH AFFIRMATIVE DEFENSE

61.

Plaintiff's allegations seeking emotional distress damages are barred in whole or in part by Plaintiff's exclusive remedy under Oregon's workers' compensation law.

## EIGHTH AFFIRMATIVE DEFENSE

62.

The damages and remedies requested by Plaintiff may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

63.

If Plaintiff suffered any emotional distress, Plaintiff's alleged emotional distress was proximately caused by factors other than Defendant's actions.

## TENTH AFFIRMATIVE DEFENSE

64.

Plaintiff's claim for an award of attorneys' fees is barred, in whole or in part, by the absence of any recoverable fees incurred by Plaintiff.

## RESERVATION OF RIGHTS

65.

Defendant reserves the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim and to plead such further

Page 13 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

defenses or counterclaims and take such further actions as may be deemed proper and necessary to its defense upon the completion of investigation and discovery.

## COUNTERCLAIM

66.

Pursuant to ORS 659A.885, if Defendant prevails on Plaintiff's state law claims, Defendant is entitled to its costs and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the Court:

1.       Dismiss Plaintiff's Complaint in its entirety;

2.       Deny each and every demand, claim, and prayer for relief contained in the Complaint asserted against Defendant;

2.       Award Defendant its costs in defending this action, including reasonable attorney fees; and

3.       Grant Defendant such other relief as the Court deems equitable and just.

Dated: August 11, 2023                    Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Megan J. Crowhurst*
Megan J. Crowhurst, OSB No. 132311
mcrowhurst@littler.com
G. Ben Handy, Bar No. 226527
bhandy@littler.com

Attorneys for Defendant, Workday, Inc.

Page 14 - DEFENDANT WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM